UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-14007-CR-GRAHAM/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TIMOTHY CLARK,

    Defendant.
_____/

FILED by _____ D.C.

AUG 23 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON FINAL HEARING IN RESPECT TO THE PETITION ALLEGING VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** having come before the Court for a final hearing on August 22, 2018 with respect to the Petition for Warrant or Summons for Offender under Supervision (the "Petition"), and this Court having convened a hearing, recommends to the District Court as follows:

1.     Defendant appeared before this Court on August 22, 2018 for a final hearing on the Petition, which alleges the following violations of supervised release:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about August 5, 2015, in Saint Lucie County, Florida, the defendant committed the offense of cocaine trafficking 28 grams or more, but less than 150 kilograms, contrary to Florida Statute 893.135(1B1). |
| **Violation Number 2** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about August 5, 2015, in Saint Lucie County, Florida, the defendant committed the offense of possession of a controlled substance (hydrocodone) without a prescription, contrary to Florida Statute 983.13 (6A). |

| | |
|---|---|
| **Violation Number 3** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about August 5, 2015, in Saint Lucie County, Florida, the defendant committed the offense of possession of a controlled substance (alprazolam) without a prescription, contrary to Florida Statute 983.13 (6A). |
| **Violation Number 4** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about August 5, 2015, in Saint Lucie County, Florida, the defendant committed the offense of possession of cocaine with the intent to sell, manufacture, or deliver within 1,000 feet of a specified area, contrary to Florida Statute 893.13(1C1). |
| **Violation Number 5** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about August 5, 2015, in Saint Lucie County, Florida, the defendant committed the offense of possession of cocaine, contrary to Florida Statute 893.13(6A). |
| **Violation Number 6** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about July 30, 2015, in Saint Lucie County, Florida, the defendant committed the offense of possession of cocaine with the intent to sell, manufacture, or deliver within 1,000 feet of a specified area, contrary to Florida Statute 893.13(1C1). |
| **Violation Number 7** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about July 30, 2015, in Saint Lucie County, Florida, the defendant committed the offense of possession of cocaine, contrary to Florida Statute 893.13(6A). |
| **Violation Number 8** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. Between February through August 2015, the defendant made fraudulent statements or representations on his monthly supervision reports by knowingly and willfully failing to report his employment at Around the Clark Market, in Saint Lucie County, Florida, contrary to 18 U.S.C. §1001(a)(1)(2)(3). |
| **Violation Number 9** | **Violation of Mandatory Condition**, by unlawfully possessing illegal controlled substances. On or about July 30, 2015, the defendant was found in possession of cocaine, and again on August 5, 2015, the defendant was found in |

possession of cocaine, hydrocodone, and alprazolam by the Saint Lucie County Sheriff's Office.

**Violation Number 10**	**Violation of Standard Condition**, by failing to submit a truthful and complete monthly supervision report. Between February through August 2015, the defendant's reports were neither truthful, nor complete. The defendant failed to report he was employed as the owner of Around the Clark Market in Saint Lucie County, Florida.

**Violation Number 11**	**Violation of Standard Condition**, by failing to notify the Probation Officer of a change in employment. On or about January 13, 2015, the defendant started his own business, Around the Clark Market, in Saint Lucie County, Florida, and never notified the Probation Officer of this change in his employment status.

**Violation Number 12**	**Violation of Standard Condition**, by frequenting a location where controlled substances are illegally sold, used, distributed or administered. Between July 30, 2015 and August 5, 2015, the defendant was observed by members of the Saint Lucie County Sheriff's Office at Around the Clark Market, located at 908 Avenue D, Fort Pierce, Florida, which was identified by law enforcement as a location where controlled substances are illegally sold.

**Violation Number 13**	**Violation of Standard Condition**, by associating with a person engaged in criminal activity. Between July 30, 2015 and August 5, 2015, the defendant conspired with Lawanda Northard to illegally possess, sell, manufacture or deliver cocaine.

**Violation Number 14**	**Violation of Standard Condition**, by associating with a person engaged in criminal activity. Between July 27, 2015 and August 5, 2015, the defendant conspired with Kenneth Boatwright to illegally possess, sell, manufacture or deliver cocaine.

**Violation Number 15**	**Violation of Standard Condition**, by failing to notify the Probation Officer within 72 hours of being arrested or questioned by law enforcement. On or about May 30, 2015, the defendant was issued a citation by the Fort Pierce Police Department and failed to advise the Probation Officer until June 4, 2015.

2.     The Government indicated that it was proceeding on Violation Numbers 4, 5, 10 and 11, and would dismiss the remaining violations at sentencing. The Government proceeded by proffer and offered Government's Exhibits 1, 2 and 3 into evidence. Government's Exhibit 1 is a Judgment from the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida in State of Florida v. Timothy Louis Hightower aka Timothy Clark, Case Number 562015CF002029B. Government's Exhibit 2 is a record from the Florida Department of State Division of Corporations showing that Around the Clark was registered as a corporation with the State of Florida on January 13, 2015, and Timothy L. Hightower was listed as the owner. Government's Exhibit 3 is the Information filed against the Defendant by the State Attorney in State of Florida v. Timothy Louis Hightower aka Timothy Clark, Case Number 562015CF002029B. Together, Government's Exhibits 1 and 2 show that on July 16, 2018 Defendant was tried by a jury and found guilty of committing the following state offenses: Sale or Delivery of Cocaine within 1,000 feet of a place of worship on August 5, 2015; Possession of Cocaine on August 5, 2015; and Possession with Intent to Sell or Deliver Cocaine within 1,000 feet of a place of worship on August 5, 2015. These convictions are sufficient to establish by a preponderance of the evidence that Defendant committed the violations alleged in Violation Numbers 4 and 5.

3.     With respect to Violation Numbers 10 and 11, this Court takes judicial notice of the Pretrial Sentence Report in this case, which indicates that Timothy L. Hightower (the name used to register Around the Clark) is a known alias of Defendant, Timothy Clark. Further, according to the Government, Defendant's supervising federal Probation Officer would testify that Defendant did not report his employment as owner of Around the Clark Market in his

monthly reports from February to August 2015, and did not advise the Probation Officer of his change in employment. The proffer and Government's Exhibit 2 sufficiently establish by a preponderance of the evidence that Defendant committed the violations alleged in Violation Numbers 10 and 11.

4. Defendant wished to stand mute to both the evidence and the charges because he currently has a state appeal pending that involves many of the facts alleged here. This Court confirmed that Defendant had no objection to the Court taking into consideration the evidence proffered by the Government. Defendant understands that based on that evidence this Court will recommend to the District Court that he be found to have violated his supervised release in respect to Violation Numbers 4, 5, 10 and 11. Defendant also understands that if the District Court accepts the undersigned's recommendation all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

5. The possible maximum penalties faced by Defendant were read into the record, and Defendant stated that he understands those penalties. Defendant also understands that the District Judge assigned to this case may impose sentence to be served consecutively or concurrently to Defendant's state sentence and/or to any other sentence imposed against him.

6. This Court has taken into consideration the information proffered by the Government and finds that it establishes by a preponderance of the evidence that the Defendant committed Violation Numbers 4, 5, 10 and 11 as set forth in the Petition pending before the Court. Based upon the foregoing evidence, this Court will recommend to the District Court that the Defendant has committed Violation Numbers 4, 5, 10 and 11 and that the Government has proven those violations by a preponderance of the evidence.

7. This Court advises the District Court that Defendant also has a violation of supervised release petition pending against him in <u>United States v. Timothy Clark</u>, Case No. 98-14021-CR-MOORE based on the same conduct alleged here. The undersigned handled these cases together and enters the same Report and Recommendation in both cases.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant be found to have violated his supervised release with respect to Violation Numbers 4, 5, 10 and 11, and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 23rd day of August, 2018.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE